CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM A. SIMMONS (CABN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7264
    FAX: (415) 436-7234
    Abraham.Simmons@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 17-244 WHO |
| Plaintiff, | ) **DETENTION ORDER** |
| v. | ) |
| LUIS ANTONIO RODRIGUEZ COLON | ) |
| a/k/a JAIRO PUERTO, | ) |
| Defendant. | ) |

    On March 18, 2022, a petition was filed alleging the defendant Luis Antonio Rodriguez Colon, a/k/a Jairo Puerto violated the terms of his supervised release imposed at his September 12, 2019, sentencing. Specifically, the petition alleged the defendant (1) was deported and reentered the United States within five years after his imprisonment and nevertheless failed to report to the Probation Office and (2) was arrested by the California Highway Patrol in Martinez, California, after having committed a felony related to the possession of stolen property, in violation of California Penal Code section 496(a). The Court issued a warrant for defendant's arrest on March 18, 2022.

    The defendant was arrested on August 29, 2025, and came before the Court on September 8, 2025, for a detention hearing. The defendant was present and represented by First Assistant Federal

Public Defender Candis Mitchell.  Assistant United States Attorney Abraham A. Simmons appeared for the government.  The government moved for detention, and the defendant opposed.  At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The court also finds that there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.  The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

As noted on the record, the Court makes the following findings as the basis for its conclusions: defendant has a significant history of obtaining and using false documents, including California Driver's Licenses, to mask his identity. Of particular concern to this Court is that on September 2, 2022—i.e., after the defendant was deported and returned to the United States—he presented false identification to the California Highway Patrol, represented to law enforcement officers that his name was Jorge Luis Pagan Velez, and represented that he had never been arrested before.  Also, a recent search of defendant's residence uncovered that he is in possession of a marriage certificate that was certified on September 2, 2025, and that identifies him as Jairo Josue Puerto German. The Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required.

In addition, the Court finds that there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Specifically, while on supervised release, the defendant was arrested for his involvement with an organized theft ring, a felony under Federal, State, or local law.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.    The defendant be afforded reasonable opportunity for private consultation with counsel; and

    3.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

    IT IS SO ORDERED.

DATED: October 8, 2025

_____
HONORABLE SALLIE KIM
United States Magistrate Judge